NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0282n.06

No. 24-2110

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jun 06, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| JAMES PAUL SCIAMANNA, | ) | |
| Defendant-Appellant. | ) | |
| | ) | OPINION |
| | ) | |

Before: CLAY, KETHLEDGE, and STRANCH, Circuit Judges.

KETHLEDGE, Circuit Judge. James Sciamanna appeals the revocation of his term of supervised release and the reasonableness of his sentence. We affirm.

Sciamanna pled guilty to bank robbery in March 2022. The district court sentenced him to 42 months in prison followed by three years of supervised release. Sciamanna had a history of substance abuse, so the court imposed a special supervised-release condition that required periodic drug testing. Sciamanna began his term of supervised release in April 2024.

On August 13, 2024, Sciamanna submitted a urine sample that tested positive for marijuana. He insisted that he had not used marijuana but that he had been exposed to second-hand smoke. He also said he had purchased a marijuana-flavored vape, but suspected that it might have contained cannabis. His probation officer initially recommended that no action be taken. Sciamanna tested positive for marijuana again on August 26 and September 3. The probation office sent Sciamanna's results to another lab for interpretive analysis to determine whether the

August 26 and September 3 results were the result of residual marijuana in his system or of new marijuana use. The lab confirmed that the positive tests were the result of new use after his August 13 test. On September 9, Sciamanna's urine once tested positive for marijuana. On October 4, the probation officer recommended revocation of Sciamanna's supervised release.

Sciamanna apparently stayed clean for the next several weeks. During a drug test on December 9, however, a lab technician—Karl Castel—saw Sciamanna through a mirror using a prefilled container of urine to fill his sample cup. The sample itself was cold, so Castel confronted Sciamanna—telling him to "drop his pants" to demonstrate how he had filled the sample cup. Sciamanna refused, and Castel rejected the sample and reported the incident. The probation officer added the incident as another violation of supervised release.

The district court held a final revocation hearing on December 19. There, the government presented (without objection) Sciamanna's four drug tests, his responses to his probation officer (Calvon Owens) about each failed test, the interpretive analysis from the second lab, and a video of Sciamanna's interactions with Castel on December 9. Owens testified about Sciamanna's failed drug tests and the interpretive analysis that discredited Sciamanna's explanations about second-hand smoke or lingering effects from the marijuana vape. Castel also testified about seeing Sciamanna use a prefilled urine container and about his ensuing confrontation with Sciamanna. The court found by a preponderance of the evidence that Sciamanna had possessed and used marijuana in violation of three conditions of his supervision and that he had violated a fourth condition by trying to circumvent the drug testing. The court thus revoked Sciamanna's supervised release and sentenced him to ten months in prison followed by a new 18-month term of supervised release. This appeal followed.

Sciamanna challenges the admission of the drug tests—arguing for the first time on appeal that the tests were inadmissible hearsay. We review for plain error. *United States v. Ford*, 761 F.3d 641, 655 (6th Cir. 2014). Revocation proceedings are "more flexible than criminal trials," so hearsay evidence is admissible so long as it is reliable. *United States v. Stephenson*, 928 F.2d 728, 732 (6th Cir. 1991). Sciamanna contends the evidence of his failed drug tests was inherently unreliable because those reports did not include the name and signature of the lab tech who had collected each sample; and he says the court should not have admitted those reports without first assessing their reliability. But Sciamanna expressly waived any objection to these reports by stipulating to their admission. *See Olano*, 507 U.S. at 733. Moreover, Sciamanna has not identified a single case that requires a district court expressly to make a reliability determination before admitting unchallenged hearsay evidence in a revocation hearing. He therefore has not identified any clear error on this point. *See United States v. Olano*, 507 U.S. 725, 734 (1993).

Sciamanna also challenges the sufficiency of the evidence that he had refused to comply with urine testing (during the incident with Castel). A district court may revoke a term of supervised release if it finds by a preponderance of the evidence that the defendant violated a condition of his release. 18 U.S.C. § 3583(e)(3). We review that determination for clear error. *See United States v. Kontrol*, 554 F.3d 1089, 1091-92 (6th Cir. 2009).

At the revocation hearing, Castel testified that he saw Sciamanna fill the sample cup with urine from a prefilled container, that Sciamanna's sample cup was cold to the touch, and that Sciamanna refused to provide another urine sample in Mr. Castel's presence after being confronted. The court found that Castel's testimony was credible. And video from a security camera corroborated Castel's testimony about his encounter with Sciamanna, though it did not

include footage of the container Sciamanna used.  That evidence was enough to support the court's determination.  *See United States v. Givens*, 786 F.3d 470, 473-74 (6th Cir. 2015).

Sciamanna also argues that his sentence was substantively unreasonable.  That sentence was within Sciamanna's guidelines range, which means the sentence was presumptively reasonable.  *United States v. Boucher*, 937 F.3d 702, 707-08 (6th Cir. 2019).  Sciamanna contends that the district court put too much weight on his history of drug abuse; but the court was within its discretion in citing that abuse and Sciamanna's evasion of drug testing as bases for the sentence here.

Finally, Sciamanna's challenge to the procedural reasonableness of his sentence is derivative of his evidentiary arguments, so we reject that challenge as well.

The district court's judgment is affirmed.